Argued at Pendleton November 3, affirmed December 6, 1927.

IN RE ESTATE OF ERNEST T. SCHULER, DECEASED.

## FRANK KERNAN, ADMINISTRATOR, v. H. M. SWARTWOOD.

(261 Pac. 685.)

**Executors and Administrators — Administrator Depositing Trust Funds With Knowledge of Bank's Impending Bankruptcy is Grossly Negligent and Personally Liable for Resulting Loss.**

Administrator depositing trust funds in bank, which he knows is on verge of bankruptcy, is guilty of gross negligence and personally liable to estate for resulting loss of money deposited.

---

Executors and Administrators, 24 C. J., p. 126, n. 85.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. Colon R. Eberhard.*

For respondent there was a brief over the name of *Mr. Sylvester H. Burleigh,* with oral arguments by *Mr. Daniel Boyd* and *Mr. J. A. Burleigh.*

RAND, C. J.—On August 14, 1921, Ernest T. Schuler died testate, leaving an estate consisting of real and personal property in Wallowa County, Oregon. The defendant, H. M. Swartwood, was duly appointed and qualified as administrator of the estate with the will annexed. He continued to serve as such administrator with the will annexed until

---

See 11 R. C. L., Executors, § 158.

October 17, 1923, at which time he filed a report in the County Court of Wallowa County showing that $3,123.83 of the money belonging to the estate had been deposited by him in the First National Bank at Joseph, Oregon, and that said bank had become insolvent and had closed its doors on May 29, 1923, and prayed that he be credited with that amount. At the same time, he asked to be discharged as such administrator. An order was entered in the County Court accepting his resignation as adminstrator and appointing the plaintiff, Frank Kernan, as administrator *de bonis non* of said estate. It was provided in the order that neither Swartwood nor his sureties should be released from their liability to account for the said sum on deposit with said defunct bank. Thereafter, a petition was filed in the County Court by plaintiff as administrator, setting up, among other things, that, at the time the former administrator had deposited said funds in said bank, he had knowledge of the fact that the bank was insolvent and praying that a citation issue requiring him to appear and account for said money. The cause was tried in the County Court and that court found that, at the time of the deposits going to make up said sum, the defendant Swartwood was the cashier, managing agent and director of the insolvent bank and knew that the bank was insolvent at the time said deposits were made and entered a decree requiring the defendant to pay over said sum with interest to plaintiff as administrator *de bonis non* of said estate. An appeal was taken therefrom to the Circuit Court and that court, after consideration of the evidence and of the record offered and made in the County Court entered a decree requiring the defendant to

account for and pay over said money to plaintiff as the administrator of said estate. From this decree defendant has appealed.

From an examination of the record, we find as did both the County and Circuit Courts that at the time these funds belonging to the estate were deposited by the defendant administrator in said bank, the bank was in an insolvent condition and the defendant was the cashier of said bank and a director thereof and had full knowledge of the insolvent condition of the bank, and that his depositing said funds in the bank at that time was gross negligence upon his part and resulted in the loss of the sums thus deposited to the estate, except 10 per cent thereof, which has since been paid by the receiver in charge of said bank.

Where an administrator knows that the bank in which he is about to deposit trust funds is on the verge of bankruptcy and, with such knowledge, deposits the money in such bank, he is guilty of gross negligence and, if the money is lost through such action upon his part, he is personally liable for the loss resulting therefrom. The findings of the County Court and of the Circuit Court were abundantly supported by the evidence and these findings support the decree. The decree, therefore, will be affirmed.

                                        AFFIRMED.

BEAN, J., did not participate in this opinion.